NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; SOUTHWEST IDAHO BUILDINGS AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, | No. 11-35985 D.C. No. 1:11-cv-00253-BLW |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM* |
| INLAND PACIFIC CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., | |
| Applicant-in-intervention - Appellant, | |
| v. | |
| LAWRENCE G. WASDEN, in his official capacity as Attorney General of the State of Idaho and TIM MASON, in his official capacity as Administrator of the Division of Public Works, | |
| Defendants - Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| IDAHO BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; SOUTHWEST IDAHO BUILDINGS AND CONSTRUCTION TRADES COUNCIL, AFL-CIO, | No. 12-35051<br><br>D.C. No. 1:11-cv-00253-BLW |
|---|---|
| Plaintiffs - Appellees, | |
| v. | |
| LAWRENCE G. WASDEN, in his official capacity as Attorney General of the State of Idaho and TIM MASON, in his official capacity as Administrator of the Division of Public Works, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued May 6, 2013
Submitted September 16, 2015
Portland, Oregon

Before: REINHARDT, BERZON, and HURWITZ, Circuit Judges.

The Idaho Building and Construction Trades Council, AFL-CIO, and

Southwest Idaho Building and Construction Trades Council, AFL-CIO

(collectively, the "Trades Councils"), brought suit to enjoin the enforcement of two

Idaho statutes: the Open Access to Work Act ("OAA"), codified at Idaho Code §

44-2013, and the Fairness in Contracting Act, codified at Idaho Code § 44-2012.

In an opinion published concurrently with this disposition, we affirm the district court's grant of summary judgment to the Trades Councils with regard to the Fairness in Contracting Act. Here, we hold that the Trades Councils lack standing to assert their challenge to the Open Access to Work Act, vacate the district court's award of summary judgment to the Trades Councils as to the OAA claim, and remand with instructions to dismiss that claim. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) (en banc). We also affirm the district court's denial of the motion by the Inland Pacific Chapter of the Associated Builders and Contractors, Inc. ("ABC") to intervene.

1. As the state has conceded, Administrator Mason is a proper defendant under *Ex parte Young*, 209 U.S. 123 (1908).

2. The Trades Councils lack standing because they have adduced no evidence, and made no allegation, that they have ever sought a PLA with an Idaho state or local government entity. Moreover, on partial remand, which we ordered in part to "allow[] both parties to supplement the record with any information that may bear on the justiciability of [this] claim under . . . and Article III of the Constitution," the Trades Councils offered no new information suggesting any near-term likelihood that they would seek a PLA. Because they have not sought a

PLA with a local or State entity and have presented no evidence that they intend to do so, there is no injury.

3. The district court properly denied intervention as a matter of right, because the state defendants adequately represent ABC's interests. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). We presume adequate representation where, as here "the ultimate objective for both defendant[s] and intervenor-defendants is upholding the validity" of the state statute. *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006). We also assume that the government adequately represents the constituency it represents. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 443 (9th Cir. 2006). While the ABC contends that Idaho "will not make arguments the [ABC] is willing to make," Idaho has "mount[ed] a vigorous defense" of the statutes at issue in this case, and "any differences between [Idaho] and the [ABC] are primarily differences as to litigation tactics." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009). Particularly where the proposed intervenor is permitted to file an amicus brief, as ABC did both in the district court and before us, "a dispute over litigation strategy or tactics" is insufficient to overcome the presumption of adequate representation. *Id.* at 954. *Sagebrush Rebellion v. Watt*, 713 F.2d 525 (9th Cir. 1983), on which ABC relies to the contrary, "turn[ed] on the

4

lack of any real adversarial relationship between the plaintiffs and the defendants," which "is not the situation here." *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007).

The district court found all the requirements of permissive intervention satisfied, but denied intervention in the exercise of its discretion. Again, particularly in light of ABC's ability to make its argument as an amicus, and of the meritlessness of that argument, the district court did not abuse its discretion by denying permissive intervention.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**